# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DEBORAH KONIUSZY, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) CIVIL ACTION 21-0386-WS-N |
| | ) |
| **NOLAN EUGENE, JR., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This matter is before the Court on its *sua sponte* review of its subject matter jurisdiction. The defendants removed on the basis of diversity, asserting it was apparent from the face of the complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs. The Court advised the defendants that their position was foreclosed by *Williams v. Best Buy Co.*, 269 F.3d 1316 (11th Cir. 2001), and provided them an interval to submit additional materials to sustain their burden of establishing subject matter jurisdiction. (Doc. 2). They have done so. (Doc. 3).

The only additional material the defendants provide regarding the amount in controversy is an email from plaintiffs' counsel declining to stipulate that damages are under $75,000. (Doc. 3-4). The *Williams* Court held that such a refusal to stipulate "standing alone does not satisfy [the removing defendant's] burden of proof on the jurisdictional issue." 269 F.3d at 1320. The defendants argue they are not relying only on the refusal to stipulate but also on the complaint's allegations regarding the plaintiffs' injuries. (Doc. 3 at 5). *Williams*, however, involved indistinguishable allegations of injuries, and the Eleventh Circuit still found the jurisdictional amount not established.

For the reasons set forth above, this action is **remanded** to the Circuit Court of Mobile County for lack of subject matter jurisdiction

DONE and ORDERED this 21st day of September, 2021.

s/ WILLIAM H. STEELE<br>
UNITED STATES DISTRICT JUDGE